UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MOSLEY, #739875,

        Petitioner,

v.                                                    CASE NO. 12-CV-13235
                                      HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

        Respondent.

_____/

**OPINION AND ORDER GRANTING MOTION TO HOLD PETITION IN ABEYANCE, STAYING PROCEEDINGS, AND ADMINISTRATIVELY CLOSING CASE**

This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner William Mosley ("Petitioner") was convicted of first-degree felony murder, MICH. COMP. LAWS § 750.316(1)(b), second-degree murder, MICH. COMP. LAWS § 750.317, carjacking, MICH. COMP. LAWS § 750.529a, armed robbery, § 750.529, third-degree fleeing and eluding, § 750.479a(3), and possession of a firearm during the commission of a felony, § 750.227b, as well as two counts of assaulting, resisting, or obstructing a police officer, § 750.81d(1), following a jury trial in the Wayne County Circuit Court.  He was sentenced to concurrent terms of life imprisonment without parole on the first-degree murder conviction, 25 to 45 years imprisonment on the second-degree murder conviction, 20 to 45 years imprisonment on the carjacking conviction, 10 to 30 years imprisonment on the armed robbery conviction, 1 to 5 years imprisonment on the fleeing and eluding conviction, and 1 to 2 years imprisonment on each of the resisting and obstructing convictions, as well as a consecutive term of 2 years imprisonment on the felony firearm conviction in 2009.

In his pleadings, Petitioner raises claims concerning the admission of the victim's dying

declaration, the admission of his own statement to police while hospitalized, and double jeopardy. Respondent has filed an answer to the petition contending that it should be denied, and Petitioner has filed a reply to that answer. This matter is before the Court on Petitioner's motion to hold his petition in abeyance and stay the proceedings so that he can return to state court to exhaust remedies on additional claims concerning the notice of the charges and the effectiveness of appellate counsel.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. *O'Sullivan*, 526 U.S. at 845. The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans*, 228 F.3d at 681; *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals

2

and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claims. Petitioner may file a motion for relief from judgment with the state trial court pursuant to Michigan Court Rule 6.500 *et seq*. He may then appeal the trial court's decision to the state appellate courts as necessary. Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics. *Id*. at 277.

In this case, Petitioner has shown the need for a stay. He wishes to pursue at least two new claims which have not been presented to the state courts. The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies. Additionally, Petitioner alleges that appellate counsel was ineffective for failing to previously present his new issue(s) to the state courts, which may provide good cause. The unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay. Lastly, given that Respondent has already filed an answer

3

to the petition and the state court record, the procedural posture of this case makes a stay of the proceedings more appropriate than a non-prejudicial dismissal. Therefore, the Court shall hold the petition in abeyance and stay the proceedings pending Petitioner's exhaustion of state court remedies as to the additional, unexhausted claims.

Accordingly, the Court **GRANTS** Petitioner's motion to hold his habeas petition in abeyance and **STAYS** the proceedings. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within 60 days of the filing date of this order by filing a motion for relief from judgment with the trial court. *See Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002) (discussing procedure). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend/supplement the habeas petition, using the same caption and case number, within 60 days of fully exhausting state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in *Zarvela v. Artuz*, 254 F.3d 374, 381 (2d Cir. 2001)). Should Petitioner fail to comply with these conditions, this case may be dismissed. Lastly, this case is **CLOSED** for administrative purposes pending compliance with these conditions.

**IT IS SO ORDERED**.


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  August 22, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 22, 2014, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135