UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MOSLEY, #739875,

    Petitioner,

v.                                          CASE NO. 12-CV-13235
                                            HONORABLE GERALD E. ROSEN

LLOYD RAPELJE,

    Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR APPOINTMENT OF COUNSEL (Dkt. #16) AND FOR AN EVIDENTIARY HEARING (Dkt. #17)**

    Michigan prisoner William Mosley ("Petitioner") has filed a pro se amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court convictions and sentences in this newly-reopened case. Respondent has not yet filed an answer to the amended habeas petition or the supplemental state court record. This matter is before the Court on Petitioner's motions for appointment of counsel and for an evidentiary hearing.

**A.**    **Motion for Appointment of Counsel**

    In support of his motion for appointment of counsel, Petitioner asserts that he has limited legal knowledge and skills and that he is financially unable to retain legal counsel. A state prisoner, however, has no absolute right to be represented by

counsel on federal habeas review. *See Abdur-Rahman v. Michigan Dept. of Corrections*, 65 F.3d 489, 492 (6th Cir. 1995); *see also Wright v. West*, 505 U.S. 277, 293 (1992) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). "'[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.'" *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).

Having reviewed the matter, the Court finds that appointment of counsel is not required at this time. Petitioner has submitted pleadings in support of his claims, but Respondent has not yet filed an answer to the amended petition or the supplemental state court record. Neither an evidentiary hearing nor discovery are necessary, and the interests of justice do not require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2)(B); Rule 6(a) and 8(c); 28 U.S.C. foll. § 2254. Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion for appointment of counsel. The Court will bear in mind Petitioner's request if, following receipt of the answer and state court record, the Court finds that appointment of counsel is necessary. Petitioner need not file another motion regarding this issue.

**B.**     **Motion for an Evidentiary Hearing**

In support of his motion for an evidentiary hearing, Petitioner asserts that his habeas case involves factual disputes and that the state courts failed to conduct the

necessary hearings. Under Rule 5 of the Rules Governing Section 2254 Cases, Respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition when the answer is filed. *See* Rule 5, 28 U.S.C. foll. § 2254. With regard to an evidentiary hearing, Rule 8 of the Rules Governing Section 2254 Cases provides, in pertinent part:

> If the petition is not dismissed at a previous stage in the proceeding, the judge, after the answer and the transcript and record of state court proceedings are filed, shall, upon review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required.

Rule 8, 28 U.S.C. foll. § 2254. Under 28 U.S.C. § 2254(e), facts determined by a state court are presumed correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that rule only when the claim relies upon a new rule of constitutional law or a new factual predicate and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2).

Given that Respondent has not yet filed an answer to the amended petition or the supplemental state court record, Petitioner's request for an evidentiary hearing is premature. Additionally, the Court notes that federal habeas review is generally limited to the record that was before the state court. *See Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011) (ruling that habeas review under 28 U.S.C. §2254(d)

is "limited to the record that was before the state court that adjudicated the claim on the merits"). Accordingly, the Court **DENIES WITHOUT PREJUDICE** Petitioner's motion. The Court will bear in mind Petitioner's request should further development of the record be necessary for the proper resolution of this matter. Petitioner need not file another request concerning this issue.

    **IT IS SO ORDERED**.


                      s/Gerald E. Rosen
                      United States District Judge

Dated: October 28, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 28, 2016, by electronic and/or ordinary mail.

                      s/Julie Owens
                      Case Manager, (313) 234-5135